UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CYNTHIA L. ALLEN on behalf of
CHRISTIAN J. JIMENEZ,

       Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

---------------------------------------------------------------

16-CV-1298 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, United States District Judge:

  Plaintiff Cynthia Allen ("Ms. Allen") brought this action against the Commissioner of Social Security ("the Commissioner"), on February 16, 2016, after receiving a notice that her son, Christian Jimenez ("Mr. Jimenez"), while previously found disabled as a minor, was no longer considered disabled under the standard of disability applied to adults, leading to the cessation of his monthly disability payments. (Dkt. No. 2 ("Compl."); Dkt. No. 9, Ex. 1.) On May 31, 2016, the Commissioner moved to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to exhaust administrative remedies. (Dkt. No. 7.) For the reasons that follow, the motion to dismiss is granted.

**I. Background**

  Because Defendant moves to dismiss under Rule 12(b)(1), the following facts are taken from the parties' submissions and include information outside the operative complaint. *See Louis v. Comm'r of Soc. Sec.*, No. 09 Civ. 4725, 2010 WL 743939, at *1 (S.D.N.Y. Mar. 2, 2010) ("In considering a Rule 12(b)(1) motion . . . a court may refer to evidence outside of the pleadings.")

  On March 3, 2015, the Social Security Administration ("SSA") issued a notice to Mr. Jimenez (in care of Plaintiff), indicating that, while he previously had received benefits as a

1

disabled child, he "no longer qualified for Supplemental Security Income (SSI)" under the standard of disability for adults. (Dkt. No. 9, Ex. 1 at 1.) The notice also informed Mr. Jimenez of his right to appeal the decision by submitting a request within sixty days. (*Id.*) If Mr. Jimenez wanted his benefits to continue through the appeal, the notice instructed that he should file his request for reconsideration within ten days. (*Id.*) Mr. Jimenez submitted a request for reconsideration on May 7, 2015 (within the sixty-day window but outside the ten-day period required to continue payments), asking, among other things, that he continue to receive benefits during the appeal even though the submission was made more than ten days after the notice was issued. (Dkt. No. 9, Ex. 2.) That request remains pending before the agency. (Dkt. No. 8 at 2.)

On March 7, 2015, the SSA issued a notice to Mr. Jimenez that a "second installment" of payment of past due benefits would be paid to him in the amount of $2,199.00 (Dkt. No. 15-2 at 1), which Ms. Allen claims the Commissioner has failed to issue (Dkt. No. 15-3 at 3). This alleged failure to pay past due benefits is also the subject of Mr. Jiminez's request for reconsideration still pending with the SSA. (Compl. ¶¶ 11(f), 12; Dkt. No. 9, Ex. 2.)

Ms. Allen filed this lawsuit on February 16, 2016, raising the same issues as those raised in the still-pending request for reconsideration before the agency. Because Ms. Allen failed to exhaust her administrative remedies, Defendant contends that this Court lacks subject matter jurisdiction and that the action should be dismissed without prejudice.

## II.     Discussion

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "In considering a Rule 12(b)(1) motion, courts must

construe all ambiguities and inferences in a plaintiff's favor." *Louis*, 2010 WL 743939, at *1. "[T]he burden is on the plaintiff to prove by a preponderance of the evidence that jurisdiction exists." *Id.*

In this case, Ms. Allen seeks relief against the Commissioner of Social Security, which implicates sovereign immunity and this Court's subject matter jurisdiction at the motion to dismiss stage. *See Guthrie v. U.S. Fed. Bureau of Prisons*, No. 09 Civ. 990, 2010 WL 339759, at *3 (S.D.N.Y. Jan. 26, 2010) ("The doctrine of sovereign immunity falls under subject matter jurisdiction and thus is properly addressed under Rule 12(b)(1)." (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994))). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies," including the SSA, "from suit." *Meyer*, 510 U.S. at 475. Therefore, waiver of sovereign immunity is a "prerequisite" for subject matter jurisdiction in federal district courts. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Sections 405(g) and (h) of the Social Security Act waive sovereign immunity in social security cases, providing for judicial review only "after any final decision of the Commissioner of Social Security made after a hearing to which [the individual] was a party." 42 U.S.C. §§ 405(g), (h). "Thus, before any person may bring an action in federal court regarding a decision about Social Security benefits, he must exhaust administrative remedies by securing a final decision from the Commissioner of Social Security." *Louis*, 2010 WL 743939, at *2.

SSA regulations provide that a claimant must complete a four-step administrative review process in order to obtain a final decision subject to judicial review. 20 C.F.R. § 416.1400(a). This process includes: (1) an initial determination; (2) a request for reconsideration; (3) a decision by an administrative law judge after a hearing; and (4) a request for review by the SSA Appeals Council. *Id.* §§ 416.1400(a)(1)-(4). The regulations further define an "initial

determination," the first step of the review process, as a determination that is "subject to administrative or judicial review." *Id.* § 416.1402. Only after the completion of the full four-step administrative process does a claimant receive a "final decision of the Commissioner," which triggers the right to judicial review under the statute. 42 U.S.C. § 405(g). Not all decisions or actions of the SSA are initial decisions subject to the four-step administrative review process and judicial review. *See* 20 C.F.R. § 416.1403(a).

Here, Ms. Allen asks this Court: (1) to review the notice indicating that her son is no longer eligible for disability benefits; (2) to issue an order compelling Defendant to pay the final balance of any past due benefits; and (3) to review the cessation of disability benefits to her son. (*See* Compl. ¶ 14; Dkt. No. 15-3 at 2.)

First, she has failed to exhaust administrative remedies with respect to these claims, each of which was made in Mr. Jiminez's request for reconsideration and is currently pending before the Commissioner. (Dkt. No. 9, Ex. 2.) Indeed, Ms. Allen does not allege in her complaint that she has exhausted her administrative remedies such that the Court has subject matter jurisdiction over her claims. *See Louis*, 2010 WL 743939, at *1. Rather Ms. Allen argues that this Court should waive the exhaustion requirement because "[p]ursuing the appeal process is futile as defendant[] has determined to violate plaintiff's rights without due process, thereby making the decision of the local office the 'final decision' of the Commissioner." (Compl. ¶ 13.)

Ms. Allen's due process concerns appear premised on the "[m]ore than 9 months" that passed between filing her request for reconsideration and the present action. (Dkt. No. 15-3 at 10.) However, "[i]t is the well-established rule that the mere trouble and expense of defending an administrative proceeding is insufficient to warrant judicial review of the agency's action prior to the conclusion of the administrative proceeding." *Abbey v. Sullivan*, 978 F.2d 37, 46 (2d

Cir. 1992) (quoting *Central Hudson Gas & Elec. Corp. v. EPA*, 587 F.2d 549, 559 (2d Cir.1978)) (internal quotation mark omitted). "[T]he expense and delay of completing the administrative process will not ordinarily justify waiver." *Id.; see also Baptiste v. Comm'r of Soc. Sec.*, No. 09 Civ. 10178, 2010 WL 2985197, at *2 (S.D.N.Y. July 27, 2010) (finding a six-month delay between plaintiff's request for a hearing and the filing of her complaint insufficient to constitute a denial of due process). Ms. Allen's alleged nine-month delay is insufficient to constitute a denial of due process. Especially where, as here, the Commissioner has since made affirmative steps towards the resolution of Ms. Allen's case by granting her request for reconsideration after the filing of the Complaint. (*see* Dkt. No. 15-3 at 8, 10.)

Ms. Allen also alleges that any further administrative action is futile, claiming that the agency has not yet provided a hearing or made a determination regarding Mr. Jimenez's May 2015 request for reconsideration. (Compl. ¶¶ 11(f), 12.) But this allegation of futility is without merit where, as here, the SSA continues to address the issues raised herein—by granting the request for reconsideration—and where additional levels of administrative review remain. *See Weinberger v. Salfi*, 422 U.S. 749, 765-66 (1975) (describing futility as existing "[o]nce a benefit applicant has presented his or her claim at a sufficiently high level of review to satisfy the Secretary's administrative needs").

This is not, therefore, a "special case[]" in which the Court may excuse a claimant from exhausting administrative remedies. *Heckler v. Ringer*, 466 U.S. 602, 618 (1984); *see State of N.Y. v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990) (describing such cases as those in which "the challenge is collateral to the demand for benefits, the exhaustion of remedies would be futile, and enforcement of the exhaustion requirement would cause the claimants irreparable injury"). As the Second Circuit has noted, "[e]xhaustion is the rule, waiver the exception." *Abbey v. Sullivan*,

5

978 F.2d 37, 44 (2d Cir. 1992). In this case, Ms. Allen failed to obtain a final decision of the Commissioner before commencing this action. The Commissioner has not waived the exhaustion requirement and the Court therefore lacks subject matter jurisdiction to review Ms. Allen's claim. *See Matthews v. Chater*, 891 F. Supp. 186 (S.D.N.Y. 1995) (dismissing social security action for failure to exhaust administrative remedies and lack of subject matter jurisdiction), *aff'd*, 101 F.3d 681 (2d Cir. 1996).

Furthermore, Ms. Allen's claims to compel Defendant to pay the final balance of any past due benefits and to challenge the cessation of disability benefits to her son while her request is pending before the SSA do not, for reasons discussed below, constitute initial decisions, and therefore "are not subject to judicial review." 20 C.F.R. § 416.1403(a).

First, with respect to Ms. Allen's nonreceipt of payment of all past due benefits, Ms. Allen explains that the Commissioner issued two checks to pay Ms. Allen all past due benefits; however, neither check was received due to certain administrative oversights. (Dkt. No. 15-3 at 3.) This issue does not constitute an initial decision that warrants judicial review. *See Dobson v. Comm'r of Soc. Sec.*, No. 10 Civ. 6167, 2014 WL 1909363 (S.D.N.Y. May 12, 2014) (concluding that "the agency's determination on an allegation of nonreceipt of monthly benefit payments is not an initial determination subject to the administrative review process or court review.")

Second, any determination that Mr. Jimenez is not eligible for benefits during the pendency of his request for reconsideration, due to his failure to file the request within ten days, is not subject to judicial review. *See Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983) ("The Appeals Council may also extend the filing time on a showing of good cause, 20 C.F.R. § 404.968(b), but a refusal to do so, like a dismissal of an untimely request, is not subject to

6

judicial review.").

Finally, Ms. Allen seeks to invoke this Court's mandamus jurisdiction. (Dkt. No. 15-3 at 5.) "Mandamus is an extraordinary remedy, available only in extraordinary circumstances." *Aref v. United States*, 452 F.3d 202, 206 (2d Cir. 2006). A Court may grant mandamus only if three conditions are met: "[i] a clear right in the plaintiff to the relief sought; [ii] a plainly denied and peremptory duty on the part of the defendant to do the act in question; and [iii] no other adequate remedy [is] available." *Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir. 1972). Here, Ms. Allen fails to satisfy the requirements for mandamus jurisdiction, in large part because Ms. Allen has raised the issues appealed to this Court in her request for reconsideration, where the Commissioner may yet afford the very relief sought before this Court. *Heckler*, 466 U.S. at 616 ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty").

### III.  Conclusion

For the foregoing reasons, the Commissioner's motion to dismiss this case pursuant to Rule 12(b)(1) is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 7 and to close this case.

SO ORDERED.

Dated:   March 23, 2017
         New York, New York

_____
J. PAUL OETKEN
United States District Judge